UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10277-RCL

UNITED STATES OF AMERICA

v.

CHRISTINA FIALHO CASSIANO

CONDITIONAL ORDER OF RELEASE

September 16, 2004

COHEN, M.J.

After hearing, the government's motion for detention pending trial is denied, subject to the conditions set forth below. Given the Guideline Range applicable in this case,[1] in order to assure the defendant's presence, this court is satisfied that the proposed conditions of release set forth below, including the requirement that the defendant reside with a suitable third-party custodian or custodians and be subject to confinement in the home of said third-party custodians subject to electronic monitoring,

---

[1] At the detention hearing, counsel for the defendant posited that no matter which district judge was assigned to the case after the return of an indictment or the filing of an information (assuming the waiver of an indictment), it is clear that the defendant would be sentenced to "time served", and no more. Defense counsel may share that optimism, but this court cannot. An appropriate sentencing decision can only be made on the basis of all relevant facts, including relevant conduct. Given the fact that the defendant illegally reentered the United States and thereafter acquired false documents in order to facilitate and/or conceal that illegal entry, this court is not prepared to predict an appropriate sentence - much less what another judicial officer believes to be an appropriate sentence in the circumstances of this case.

will ensure that the defendant would not flee and would otherwise, on her own volition, appear in court as required.  On the other hand, this court is not satisfied - given the existence of an outstanding detainer filed by the Bureau of Immigration and Customs Enforcement ("ICE", formerly "INS"), and its apparent view based on holdings in this district[2] that execution of a detainer requires that the person subject to the detainer be deported immediately upon receipt of the appropriate travel documents - that release will ensure that this criminal case reach judgment.  And that, in this court's view, is, just like volitional non-appearance, not an appropriate conclusion of these criminal proceedings.[3]  Accordingly, it is ordered that the above-named defendant be released on the following minimum conditions:[4]

1. That the shall sign an unsecured appearance bond in the amount of $100,000;

2. That the defendant shall be confined to the residence of Weber and Grace Figueiredo, 76 Porter Road, Marlborough, Massachusetts, who

---

[2]   Through the course of other proceedings in similar matters, we are advised that ICE, or, at least, the regional component of ICE serving this district and other districts within the First Circuit, are of the view that the ruling and holding in *United States v. Restrepo*, 59 F.Supp. 2d 133 (D.Mass. 999), requires that ICE remove aliens in their custody for purposes of deportation once travel documents have been obtained. *Restrepo*, of course, was directed towards the applicability of the Speedy Trial Act (and, perhaps, the Sixth Amendment speedy trial right) when aliens were held by ICE (or its predecessor, INS) for the purpose of investigating criminal offenses, notwithstanding the receipt of travel documents. It was premised, in part, upon the then held notion that habeas relief was not available to an alien being held by ICE or INS pending removal - a notion which is now subject to question, given the holdings in, among others, *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Hyung Joon Kim*, 538 U.S. 510 (2003).  This court, however, is of the view that rights under the Speedy Trial Act, as well as speedy trial rights under the Sixth Amendment, may be waived by the holder of those rights.

[3]   If what this court has said sounds like a conclusion that an illegal alien should be able to escape prosecution simply because of his or her illegal status, then that is precisely the intent of those words - nothing more, and nothing less.

[4]   These are the minimum conditions.  Other conditions will be set at the release hearing as to these defendants.

shall serve as third-party custodians for the defendant, and the defendant shall be, at all times, monitored by an electronic bracelet;[5]

3. That prior to her release, the defendant shall execute a document or writing, to be verified in open court, that she waives any and all rights under the Speedy Trial Act, the speedy trial clause under the Sixth Amendment to the Constitution, or any other right afforded by the holding or rationale of the court in *United States v. Restrepo*, 59 F.Supp. 2d 133 (D.Mass. 1999), and its progeny, on account of her detention or continued detention by ICE,[6] should ICE, upon her release, detain the defendant pending removal, and shall, in that same document or writing, again to be verified in open court, consent to continued detention by ICE pending removal notwithstanding the securing of appropriate travel documents, if ICE, upon execution of the detainer, determines that detention pending removal is appropriate;

4. That in the event that ICE, notwithstanding the waivers referred to in Paragraph 3 above, concludes that it must remove the defendant prior to the completion of the criminal proceedings, then ICE shall notify Pretrial

---

[5] The defendant proposed another third-party custodian, Scott Carmody, who was her employer and "...sees [defendant] daily at work." To the extent that this suggests that Mr. Scott perform third-party custodian duties while the defendant is "at work", it is unsatisfactory. Wholly apart from the conditions of confinement to the residence, and the electronic bracelet, the defendant cannot work. And it must be that way, since, given her illegal status, she is not entitled to work. Indeed, one of the offenses with which she is charged is that she obtained fraudulent documents representing, contrary to truth and fact, that she was entitled to work in the United States.

[6] That is not to say that ICE should or should not detain the defendant pending the completion of these criminal proceedings and removal proceedings. This court may see it one way. ICE may see it, quite appropriately, in another way. Just as this court - and other judicial officers in this court - must make a best-informed judgment as to release or detention, so, too, is ICE required to make that same determination. That this court may see it one way does not mean that ICE must see it the same way.

Services of this fact, and this Conditional Order of Release shall be null and void, and a warrant shall issue for the immediate arrest and detention of the defendant pending trial and final disposition of this case.[7]

So ordered.

 

*[signature]*

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] Counsel for the defendant shall advise the Clerk of this court when the necessary documentation, see Paragraph 3 above, has been prepared, and then this court will schedule a release hearing. The third-party custodians shall be present at that release hearing.