UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-CR-10277-RCL

UNTIED STATES

v.

CRISTINA CASSIANO,
Defendant

**DEFENDANT'S MOTION TO WAIVE PREPARATION OF
PRESENTENCE REPORT AND PROCEED IMMEDIATELY TO SENTENCING**

Pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the defendant Cristina Cassiano moves that the Court dispense with the requirement that a presentence report be prepared in this case, on the grounds that the information in the record enables the Court to meaningfully exercise its sentencing authority. In support of this motion, the defendant, by her counsel, states:

1. The defendant was arrested on August 31, 2004 by agents from Immigration and Customs Enforcement and was charged in a criminal complaint with (1) reentering the United States without the required permission after having previously been removed; and (2) using a social security number that was obtained with false information in order to obtain a Massachusetts driver's license. The defendant has been detained at MCI Framingham since August 31. Magistrate Judge Cohen has the question of her release or detention under advisement, following a detention hearing that took place on September 10.

2. On Tuesday, September 14, the defendant's counsel advised the Assistant U.S. Attorney that the defendant is willing to waive her right to an indictment and plead guilty to an information. An information was filed on that date, encompassing the same two charges.

**The Defendant Cristina Cassiano**

3. The defendant is 26 years old. She is a citizen of Brazil. She is unmarried and has no children. She has lived in an apartment complex in Framingham since 2000. She has worked two full-time jobs. In the evenings, she worked cleaning tables at the California Pizza Kitchen in the Natick Mall. According to a letter submitted by her supervisor, Jasmine Lewan, the defendant "plays a valuable role in training and developing our new employees. Cristina is an excellent employee. She is very dependable and trustworthy. Her commitment to excellence has made her the successful employee that California Pizza Kitchen has had the pleasure to employ." See Exhibit A. Her other supervisor at California Pizza Kitchen, Scott Carmody, has offered to serve as a third party custodian if Ms. Cassiano were to be released.

4. The defendant's other full-time job was as a housekeeper at the Marillac Residence operated by the Sisters of Charity (Halifax) in Wellesley. See Exhibit B.

5. The defendant's sister and four cousins live in Massachusetts. Her parents live in Brazil. The defendant grew up in very poor circumstances. She graduated from high school in Brazil and attended nursing school in Brazil for two and one-half years, but was unable to complete school because of the

       expense involved. She worked as an assistant to a seamstress while attending nursing school.

6. The defendant has no health problems, other than seasonal allergies. She does not abuse drugs or alcohol. She has no mental health issues, other than being terrified at being incarcerated.

7. The defendant has no prior involvement with law enforcement, other than this case and the occasion in 1999 when she tried to enter the United States through the Orlando, Florida International Airport.

8. **The Illegal Reentry Offense.** The defendant is charged with violating 8 U.S.C. § 1326(a). The maximum punishment is 2 years. Under U.S.S.G. § 2L1.2, the base offense level is 8. Because the defendant has no prior criminal record, there is no upward specific offense characteristic, so the total offense level for this group is 8.

9. In 1999, the defendant tried to enter the United States through the Orlando, Florida International Airport, using a passport and visa issued in someone else's name. She was detected by immigration authorities and was deported back to Brazil the next day, using an expedited removal procedure. The defendant returned to the United States in 2000 via Mexico. She had to pay $10,000 to smugglers who brought her into the United States. She has resided in the same apartment complex in Framingham since she arrived in Massachusetts.

10. **The Social Security Number Offense**. The defendant is charged in count 2 with willfully obtaining a social security number on the basis of false

information furnished to the Commissioner of Social Security for any purpose, in violation of 42 U.S.C. § 408(a)(7)(A). The maximum punishment is 5 years. Under USSC 2B1.1, there is a cross-reference to 2L2.2. See application note 8(B). The base offense level is 8. There is a 2 level enhancement if the defendant has previously been deported. So the adjusted offense level is 10. If she pleads guilty, 2 levels are deducted for acceptance of responsibility and the defendant would have a total offense level of 8. That produces a guideline sentencing range of 0 to 6 months. Application note 2 says that the two offenses are grouped together.

11. In 2002, the government prosecuted a corrupt employee of the Social Security Administration, Jesse Rocha, and several others who were involved in a scheme to sell real social security numbers improperly issued by Rocha. United States v. Vasconcelos, No. 02-CR-10405-GAO. One of the defendants, Karl Vasconcelos, operated a business in Framingham, and sold the defendant the social security number for $2,500. She later used that number when she applied for a Massachusetts driver's license.

12. Apparently, the Rocha-Vasconcelos group sold in excess of 1,000 social security numbers to illegal immigrants. Immigration authorities arrested 13 of those people in Framingham on August 31. Ms. Cassiano was among the 13 who were arrested. Eleven of the 13 were not charged with illegal reentry, and they have been permitted to plead guilty to a reduced charge that is a misdemeanor. The government has decided that Ms. Cassiano must plead guilty to the two felonies in light of her earlier deportation.

13. The defendant urges the Court to waive the requirement that a presentence report be prepared. There does not seem to be any controversy regarding the calculation of the guidelines, the circumstances of the offense, or the defendant's characteristics. The defendant is a worthy candidate for the Court's exercise of discretion in waiving the report and sentencing the defendant to the low end of the guidelines. She will then be taken into immigration custody and deported to Brazil.

> Respectfully submitted
> The defendant Cristina Cassiano
> By her attorney
>
> _____
> Charles W. Rankin
> BBO No. 411780
> Rankin & Sultan
> One Commercial Wharf North
> Boston, MA 02110
> (617) 720-0011

**Certificate of Service**

I certify that I have served the foregoing upon Assistant U.S. Attorney Seth Berman and Deputy Chief Probation Officer John Bocon by hand delivery on September 16, 2004.

_____
Charles W. Rankin



September 4, 2004

To Whom It May Concern:

Christina Cassiano has been an employee of California Pizza Kitchen since September of 2000. Christina is a Certified trainer at California Pizza Kitchen and plays a valuable role in training and developing our new employees. Christina is an excellent employee. She is very dependable and trustworthy. Her commitment to excellence has made her the successful employee that California Pizza Kitchen has had the pleasure to employ.

If you have any questions or concerns please feel free to contact me at 508-651-1506.

Sincerely,

Jasmine Lewan
Senior General Manager
California Pizza Kitchen
1245 Worcester Road
Natick Ma 01760



EXHIBIT A



**Sisters of Charity**
HALIFAX

*Marillac Residence*
Mount Saint Vincent
125 Oakland Street
Wellesley Hills, MA
02481-5338

www.schalifax.ca

September 3, 2004

To Whom It May Concern:

Ms. Cristina Cassiano has been employed by the Sisters of Charity (Halifax) at Marillac Residence in Wellesley Hills since 5-9-2002.

Ms. Cassiano is employed as a Full Time Housekeeper with an excellent service record.

If you require additional information, please do not hesitate to contact me directly.

Sincerely,

Lori Ferrante
Administrator
Marillac Residence
781-237-2161

**EXHIBIT B**